**Opinion filed July 7, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00107-CR

_____

### JEFFREY SHARP, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 33rd District Court**

**Burnet County, Texas**

**Trial Court Cause No. 38,147**

### M E M O R A N D U M   O P I N I O N

The jury convicted Jeffrey Sharp of the offense of delivery of between one and four grams of cocaine, found the enhancement allegations to be true, and assessed punishment at confinement for thirty-five years. We dismiss the appeal.

Appellant's sentence was imposed on December 3, 2010. Appellant timely mailed a motion for new trial, which was filed on January 5, 2011. Appellant's notice of appeal was filed on March 16, 2011, 103 days after the date sentence was imposed. Upon receiving this case, which was transferred to this court from the Third Court of Appeals, this court notified the parties by letter dated May 9, 2011, that the notice of appeal appeared to be untimely. We requested that appellant respond and show grounds for continuing this appeal. We also informed appellant that the appeal may be dismissed for want of jurisdiction.

Appellant has responded to our letter by filing, on June 15, 2011, and June 20, 2011, motions to retain appeal. In the motions, appellant states that he filed in the Third Court of Appeals a timely motion for extension of time to file the notice of appeal in this cause pursuant to TEX. R. APP. P. 26.3. Our review of appellant's motions to retain appeal and our review of the documents filed in this cause and in the companion cause[1] reveal that no motion for extension was timely filed in this cause but that a motion for extension to file notice of appeal was, instead, filed in the companion cause on March 14, 2011, in the Third Court of Appeals.

Rule 26.3 mandates that the notice of appeal and the motion for extension must be filed within fifteen days after the deadline for filing the notice of appeal. Pursuant to TEX. R. APP. P. 26.2(a)(2), when the defendant timely files a motion for new trial, the notice of appeal is due ninety days after the day sentence is imposed. In this case, the due date was March 3, 2011. Appellant's motions to retain appeal were not filed within fifteen days of March 3 and were, therefore, not timely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). We are also without jurisdiction to grant a motion for extension or, as in this cause, a motion to retain appeal that is filed more than fifteen days after the date that the notice of appeal was due. *Olivo*, 918 S.W.2d 519.

Accordingly, appellant's motions to retain appeal are overruled, and the appeal is dismissed for want of jurisdiction.

July 7, 2011                                                    PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[1]The companion case is our cause no. 11-11-00104-CR and trial court cause no. 37328. On this same date, we have dismissed the companion case as moot because it dealt with a pretrial application for writ of habeas corpus seeking bail. *Jeffrey Sharp v. State*, No. 11-11-00104-CR (Tex. App.—Eastland July 7, 2011, no pet. h.) (mem. op., not designated for publication).

[2]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.